UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,               MEMORANDUM AND ORDER
                                              00 CR 809 (ILG)
    -against-                        05 CV 3485 (ILG)

ROBERT NASTASI,

                Defendant.
----------------------------------------------x
GLASSER, United States District Judge:

      The defendant made application pursuant to 18 U.S.C. § 3582(c)(2), to have his

sentence reduced in the light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  In a

letter dated August 2, 2005, the government responded that the Court should deny the

petition for the reasons he advanced or, alternatively, notify defendant that it intends to

recharacterize his application as brought under 18 U.S.C. § 2255 and seek his consent to

that recharacterization.

      In a letter dated August 18, 2005, Nastasi advised that he does not intend to elect

to characterize his application as brought under § 2255[1] and so it will be determined as

one brought pursuant to § 3582(c)(2) which, in relevant part provides:

> in the case of a defendant who has been sentenced to a term
> of imprisonment based on a sentencing range that has
> subsequently been lowered by the Sentencing commission
> pursuant to 28 U.S.C. 994(o), upon the motion of the
> defendant or the director of the Bureau of Prisons, or on its
> own motion, the court may reduce the term of imprisonment
> . . . .

---

[1] That letter concludes: "If the Court should deem to recharacterize the motion
we would like the opportunity to consider whether to withdraw the motion in its current
form."
    Given Nastasi's stated intention not to recharacterize his application, it would be
inappropriate for the Court to ignore his intention and proceed to do so.

<u>Discussion</u>

Nastasi was convicted following his plea of guilty on February 22, 2001, pursuant to an agreement, to a violation of 18 U.S.C. § 371 for conspiracy to defraud the United States Government and the Department of Health and Human Services Medicare/Medicaid Program. The maximum penalty for violating that statute was imprisonment for five years and assorted other penalties. The plea agreement estimated a Sentencing Guideline range of 46 to 57 months. By the explicit terms of that plea agreement, Nastasi knowingly and voluntarily waived his right to appeal his sentence if not in excess of 57 months. He also agreed to an entry of forfeiture in the sum of $8,000,000, specifically reserving the right to contest the Guideline estimate regarding the amount of money subject to his charge.

Nastasi was sentenced on November 19, 2002, to a term of imprisonment of 46 months to be followed by a term of supervised release of three years and a special assessment of $100. The offense level was calculated, in part, on a determination of loss in excess of 40 million dollars.

This application is based upon the holding in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), which, if applied, he asserts would change the calculation upon which his sentence was grounded. That assertion is bottomed upon his plea of guilty which referenced no specific amounts of loss and no proof was adduced as to the amount of loss in contravention of <u>Booker</u>. He contends, therefore, that "in this post-Booker era, a plea under those circumstances could very likely result in substantially less time being imposed simply on the ground that Mr. Nastasi has no record, made no admission as to the amount of monetary loss attributed to him and, had no evidence of such presented

to the jury." (Letter of Joseph V. DiBlasi, Esq. July 19, 2005 at 4).

As § 3582(c)(2) explicitly provides, a previously imposed sentence may be lowered if it were based on a sentencing range that was later lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). That section requires the Commission to periodically revise and review the Guidelines in consideration of comments and data coming to its attention.

A determination whether the Guidelines have been revised and reviewed must be made by a reference to the Policy Statement, U.S.S.G. § 1B1.10, which provides in substance that if the Guideline range applicable to the imprisoned defendant was subsequently lowered by an amendment to the Guidelines Manual listed in § 1B1.10(c), a reduction in the defendant's sentence is authorized by 18 U.S.C. § 3582(c)(2). If the relevant amendment is not listed, a reduction in sentence is inconsistent with the policy statement. A review of the amendments referenced in U.S.S.G. § 1B1.10, and the Guidelines to which they are applicable, revealed none that related to the U.S.S.G. § § 2F1.1(a), 2F1.1(b)(1)(R), and 2F1.1(b)(2), the Guidelines pursuant to which the defendant was imprisoned, nor to U.S.S.G. 2B1.1 which replaced § 2F1.1. the defendant has cited no amendment that was applicable and his hoped for solace from Booker is misplaced. United States v. Culp, 2005 WL 1799252 (D. Kan. 2005). (The Booker decision did not lower the Guidelines sentencing ranges and § 3582(c)(2) is not implicated by a Supreme Court decision that is unrelated to an actual amendment to the Guidelines.) See also United States v. Gomez, 2005 WL 1431690 (S.D.N.Y. 2005); United States v. Morrison, 131 Fed. App. 46 (5th Cir. 2005) (Booker is not cognizable in the context of an 18 U.S.C. § 3582 motion.)

His application must, therefore, be denied.

SO ORDERED.

Dated:  Brooklyn, New York
     November 28, 2005


S/ _____
   I. Leo Glasser